1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HAN JING HUANG,                          No.  2:19-cv-00477-TLN-KJN (PS)

12                   Plaintiff,

13         v.                                 ORDER

14   UNITED STATES POSTAL SERVICE, et
     al.,
15
                    Defendants.
16

17

18          Plaintiff Han Jing Huang, who is proceeding without counsel in this action, has requested

19   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's

20   application in support of his request to proceed in forma pauperis makes the showing required by

21   28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

22          The determination that a plaintiff may proceed in forma pauperis does not complete the

23   required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any

24   time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

25   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

26   an immune defendant.

27   _____

28   [1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. §
     636(b)(1).

                                                  1

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

According to the complaint, the United States Postal Service ("USPS") and several of plaintiff's former supervisors violated Article 12 of the collective bargaining agreement ("National Agreement") between USPS and the National Association of Letter Carriers, when they failed to give plaintiff seven days advance notice before firing him. (See generally ECF No. 1.) Liberally construed, it appears that plaintiff brings his claim under 29 U.S.C. § 185(a).

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Indeed, "[i]t has long been established that an individual employee may bring suit against his employer for

breach of a collective bargaining agreement.  Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement."  DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983) (citing Smith v. Evening News Assn., 371 U.S. 195 (1962); Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965)).

Here, plaintiff has failed to plead that he has exhausted the contractual remedies under the National Agreement, or that he is somehow exempt from exhaustion.  Thus, plaintiff has failed to state a claim of breach of the National Agreement that is plausible on its face, and the complaint is subject to dismissal.  Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim under 29 U.S.C. § 185(a), the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined in this order, and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint.  If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed, but with leave to amend.

3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without

prejudice.

4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  March 29, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE