UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAN JING HUANG,

        Plaintiff,

v.

UNITED STATES POSTAL SERVICE, et al.,

        Defendants.

No. 2:19-cv-00477-TLN-KJN PS

ORDER AND FINDINGS AND RECOMMENDATIONS

On March 29, 2019, the court granted plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and simultaneously dismissed the complaint. (ECF No. 3.) 28 U.S.C. § 1915 directs the court to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

After reviewing plaintiff's complaint, the court determined that "[l]iberally construed, it appears that plaintiff brings his claim under 29 U.S.C. § 185(a)" related to his termination from the United States Post Office ("USPS"). (ECF No. 3 at 3.) However, plaintiff failed to plead that he exhausted contractual remedies, as required. As a result, the complaint was dismissed, but plaintiff was granted leave to amend. (Id. at 3-4.)

On April 24, 2019, plaintiff filed the first amended complaint ("FAC"). (ECF No. 6.) Because the FAC is frivolous and fails to state a claim, the court recommends the action be DISMISSED WITHOUT LEAVE TO AMEND.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

The FAC is rambling and largely nonsensical. (See generally ECF No. 6.) Like the original complaint, plaintiff's claims in the FAC surround the termination from the USPS in November of 2018, which plaintiff claims was "illegal." (Id. at 7.) However, instead of demonstrating that plaintiff met the exhaustion requirements of 29 U.S.C. § 185(a) as directed (see ECF No. 3), the FAC cites to several federal statutes—e.g., Title VII of the Civil Rights Act of 1964, 18 U.S.C. §§ 241, 242, 245(b)(2), 249, 1589, 8 U.S.C. § 1113, 42 U.S.C. § 1981a, and several others (ECF No. 6 at 7-9)—without stating any claim that is plausible on its face.

Indeed, the FAC rests on conclusory allegations that are largely divorced from reality. For example, plaintiff alleges that

> Democratic party and their Governments, Traditional Political Power like Carter's relatives, Obama's relatives, Clinton's relatives, even some [of] Trump's relatives and President Washington's descendants and Jefferson's descendants use [the Subversive Activities Control Act of 1950 to] slander me as Chinese Communist. And gave designed bad IDs like gang member with Casino background, sex attacker, soldier, terrorist an[d] so on to describe me with ugly image, and keep on stalking, and come towards to mean at me, or <u>asked for seeing my ID and look at my birthday to mean with strange smile or with mocking eyes</u>, in order to succeed their political goal or private goal.
>
> That's national Discrimination and Religion Discrimination and persecution. . .
>
> And Sex attacker ID is 100% persecution from Carter's people. . . using mind reading tech to Psychological lure me to attack peaceful women. . .
>
> *<u>They just want to control me, but there is no real love under control, even they are powerful with a lot of money or strong political background</u>*.

(ECF No. 6 at 7 (emphasis in original).) Later in the FAC, plaintiff also alleges that

> On 2009 to beginning of 2010[,] I was slandered by Sacramento Government, Elk Grove Government, Democratic party federal Government (Obama's Government) and some of Trump's relatives . . . Because of their secret mind attacks, I even didn't know the attacks were from Governments until 03-10-2016 after I got a letter from white house and was illegally restricted in Austin Oaks mental Hospital . . . I even had no choices to explain and almost was murdered by Government mind readers in their secretly ways.

(ECF No. 6 at 11.)

Plaintiff further asserts that mind control was used to force plaintiff to almost run a red light and to forget his cellular phone while he was delivering food for a mobile food delivery service. (ECF No 6 at 17.) The FBI also allegedly implanted "nano robots" into plaintiff's body and government actors hired "dishonest black guys to stalk him." (Id. at 17-18.)

Most relevantly, plaintiff also attaches to the FAC a January 3, 2019 letter from the USPS (ECF No. 6 at 21-22), which plaintiff inaccurately describes as a right to sue letter. (Id. at 19.) The letter did not grant plaintiff a right to sue, however. Rather, the letter explained further

3

administrative steps plaintiff needed to follow to pursue his complaint related to his termination from the USPS.

After making an initial determination that plaintiff's allegations were without merit, the USPS clearly informed plaintiff:

> At this time there is no resolution to your counseling request. You have two options available to you. You can do nothing at which point your inquiry will expire and no further action will be taken on your counseling request or you can file a formal complaint.
>
> If you opt to file a formal complaint, you have 15 days from the date of receipt of this letter to file a timely formal complaint. . . .

(ECF No. 6 at 21.) USPS instructed plaintiff to send his formal complaint to "NEEOISO-Formal Complaint, U.S. Postal Service, P.O. Box 21979, Tampa, Fl 33622-1979." (Id.)

Plaintiff makes no showing that he followed the directions in the January 4, 2019 letter. Additionally, even assuming the letter had granted plaintiff a right to file suit in federal court, plaintiff did not file his complaint in this court until March 15, 2019 (see ECF No. 1), well beyond the fifteen days plaintiff had to respond.

Therefore, despite the court's admonishment in its March 29, 2019 order, the FAC fails to demonstrate that plaintiff met the exhaustion requirement of 29 U.S.C. § 185(a). (See ECF No. 3.)[1] Moreover, the FAC fails to state any other claim under federal law, and further leave to amend would be futile because the action is frivolous.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITHOUT LEAVE TO AMEND.
2. The Clerk of Court be directed to close this case.

---

[1] As the court previously explained, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). "It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement. Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983) (citing Smith v. Evening News Assn., 371 U.S. 195 (1962); Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965)).

In light of these recommendations, IT IS ALSO HEREBY ORDERED that:

1. Plaintiff's second application to proceed in forma paupers (ECF No. 7) is DENIED AS MOOT because plaintiff was previously granted leave to proceed in forma paupers.

2. All pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: May 29, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE